IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MYISHA ALLEN and JAMES ALLEN,**<br>        Plaintiffs,<br><br>    v.<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**<br>        Defendant. | **CIVIL ACTION**<br><br><br><br>**NO. 14-7367** |

<u>**MEMORANDUM RE: DEFENDANT'S PARTIAL MOTION TO DISMISS**</u>

**Baylson, J.**                                                                                                        **March 11, 2015**

**I.    Introduction**

In this diversity action, Plaintiffs Myisha and James Allen seek to recover from their automobile insurer for claims related to Myisha Allen's February 2014 collision with an uninsured motorist. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count Two of the complaint, which alleges bad faith, for failure to state a claim. Because the well-pleaded facts in the complaint do not show or give rise to an inference that State Farm acted in bad faith, the motion will be granted and Count Two will be dismissed without prejudice and with leave to amend.

**II.    Factual Allegations**

As alleged in the complaint, Myisha Allen was injured in a motor vehicle collision with an uninsured motorist on February 19, 2014. Compl. ¶¶4-5, 7. The collision was caused by the uninsured motorist. <u>Id.</u> ¶¶ 6, 15. At the time of the accident, Allen was covered by an insurance

1

policy issued by State Farm. Id. ¶ 4. Allen's policy included uninsured motorist coverage. Id. ¶ 3. Allen promptly filed an uninsured motorist claim with State Farm after the accident but she and State Farm "have failed to agree on the amount of uninsured motorist benefits" that she is entitled to recover. Id. ¶¶ 9, 11. State Farm has not requested a defense medical examination of Ms. Allen and has failed to "negotiate" regarding the claim. Id. ¶ 16(a),(c).

### III.     Procedural History

Plaintiffs filed a three count complaint in the Philadelphia County Court of Common Pleas on December 2, 2014. Notice of Removal ¶ 2 & Ex. A (ECF 1). Defendant removed the case to this Court on December 31, 2014. Id. Count One of Plaintiffs' complaint alleged Ms. Allen's entitlement to uninsured motorist benefits under the terms of her insurance policy with State Farm. Compl. ¶¶ 1-11. Count Two alleges that State Farm's handling of her claim was conducted in bad faith in violation of 42 Pa. C.S.A. § 8371. Id. ¶¶ 12-19. Count Three alleges that co-Plaintiff James Allen suffered a loss of consortium. Id. ¶¶ 20-23.

State Farm moved to dismiss Count Two, the bad faith claim, on January 6, 2015 (ECF 4). Plaintiffs filed their opposition on January 20, 2015 (ECF 5), and State Farm replied on January 23, 2015 (ECF 6).

### IV.     Jurisdiction and Standard of Review

In this diversity case, the Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1332(a)(1). Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as

true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential–Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Iqbal clarified that the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) "expounded the pleading standard for 'all civil actions.'" 556 U.S. at 684.

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

In evaluating a motion to dismiss, the Court "should conduct a two-part analysis." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11. "Second, a District Court

must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 556 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts." Id. at 211 (internal quotation marks omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

**V.     Analysis**

    A.     Count Two Alleging Bad Faith Will Be Dismissed, Without Prejudice

Under Pennsylvania law, to prevail on a bad faith claim "'a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim.'" Post v. St. Paul Travelers Ins. Co., 691 F.3d 500, 522 (3d Cir. 2012) (quoting Condio v. Erie Ins. Exch., 899 A.2d 1136, 1143 (Pa. Super. 2006)). "The essence of a bad faith claim is the unreasonable and intentional (or reckless) denial of benefits." Id. at 523 (internal quotation marks omitted).

State Farm contends that Plaintiffs have failed to state a claim for bad faith because their allegations consist primarily of legal conclusions and restatements of the elements of the claim, without sufficient facts to make the claim plausible. Def. Br. (ECF 4 at 6-9). Citing the now defunct "no set of facts" pleading standard that applied before Twombly and Iqbal, and without

citing any recent decisions in bad faith insurance cases, Plaintiffs argue that their allegations are sufficient.[1] Pls.' Br. at 2-3 (ECF 5 at 5-6).

Following the two-step analysis prescribed in Fowler, 578 F.3d at 210-11, the Court concludes that Plaintiffs have not alleged sufficient facts to state a claim for bad faith. After disregarding legal conclusions and recitations of the elements of the claim, the facts that Plaintiffs have alleged are that Ms. Allen was in a motor vehicle accident with an uninsured motorist, she filed a claim with State Farm, she and State Farm have been unable to agree on or otherwise negotiate the value of her claim, and State Farm has not requested a defense medical examination of Ms. Allen.[2] Compl. ¶¶ 3-11, 16(a),(c). These facts do not show that Allen has a plausible claim that State Farm acted in bad faith because they do not shed light on the reasonableness of State Farm's actions. None of these facts address, much less answer, the crucial questions of whether State Farm had "a reasonable basis for denying benefits under the policy" and "knew or recklessly disregarded its lack of a reasonable basis in denying the claim." Post, 691 F.3d at 522.

Similar conclusory allegations have been repeatedly rejected as insufficient by the federal courts in Pennsylvania. Yohn v. Nationwide Ins. Co., No. 1:13-cv-024, 2013 WL 2470963, at *6-7 (M.D. Pa. June 7, 2013) (dismissing bad faith claim and citing similar cases); Def.'s Br. (ECF 4 at 7-8) (collecting cases); Def.'s Reply (ECF 6 at 2-3) (collecting cases). Plaintiffs have not attempted to distinguish these cases nor cited a single post-Twombly case that goes against

---

[1] Fowler explicitly stated that Iqbal provided "the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly." 578 F.3d at 210.

[2] Other allegations in the complaint, such as that State Farm failed "to properly investigate and evaluate plaintiff's [uninsurance] claim" and that "defendant knew or recklessly disregarded the fact that it had no reasonable basis for its above conduct" are conclusory statements and recitations of the elements of the claim that need not be accepted as true for purposes of a motion to dismiss.

the persuasive weight of these prior cases. For these reasons, Count Two will be dismissed without prejudice and with leave to amend.

Finally, although State Farm articulated the proper standard of review in its brief and cited to Twombly, Iqbal, and Fowler, Def. Br. (ECF 4 at 6-7), Plaintiffs' Opposition completely ignored these binding precedents. In their argument that Count Two should not be dismissed, Plaintiffs unhelpfully cite only to cases that pre-date these decisions. Pls.' Br. 2-3 (ECF 5). This inadequate and incorrect briefing must not be repeated in this court. Pursuant to Federal Rule of Civil Procedure 11(b)(2) & (c)(3), Plaintiffs' counsel will be ordered to show cause within 14 days why sanctions in the form of attorney's fees and costs should not be awarded to Defendant due to Plaintiffs' failure to cite or acknowledge any current, post-Twombly precedential case law.

## VI.  Conclusion

For the foregoing reasons, Count Two of Plaintiff's Complaint (ECF 1 at 11-16) will be dismissed without prejudice and with leave to amend. An appropriate order follows.

O:\CIVIL 14\14-7367 allen v. state farm\14cv7367.Memo.re.MTD.2015.03.10.docx